UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYESHA N. ISOM, )<br>)<br>       Plaintiff, )<br>)<br>v. )<br>)<br>JANE NELSON, )<br>)<br>       Defendants. ) | Civil Action No. 24-0648 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of

the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Denton, Texas, brings this action against the Texas Secretary of State. Compl. at 12, 5 (page numbers designated by CM/ECF). Among other wrongdoing, defendant allegedly "spread[s] cancer and AIDS disease and mental illness to . . . men maybe locked up in her federal prison mind, or wrongful court cases with an undocumented immigrant leader, from the wrong military as well." *Id*. at 9. In addition, plaintiff alleges defendant "cannot be ready for an uninvited war" because "she has the wrong soldier in first rank of leadership," as that soldier "is a foreign soldier, and that's a violation of U.S. Federal law to hire or recruit a foreign soldier." *Id*. at 10. And plaintiff alleges defendant "humiliates and robs" Texans "of . . . federal funding, not knowing and obeying U.S. military foreign laws policy." *Id*. at 11. Plaintiff "want[s] [defendant] to pay [her] near $6 million dollars and federal prison with a jury." *Id*. at 9.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a). What few factual allegations there are fail to put defendant on notice of the claim(s) against her, and the basis for this Court's jurisdiction is unclear. The Court, therefore, will dismiss the complaint without prejudice. An Order is issued separately.

                                                RANDOLPH D. MOSS
                                                United States District Judge

DATE: March 18, 2024